**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

CHRISTOPHER Q. REID,

      Plaintiff,

v.                                                                                ACTION NO. 2:10cv448

EG&G TECHNICAL SERVICES INC.,

      Defendant.

**OPINION AND FINAL ORDER**

This action is brought by Plaintiff Christopher Reid under Title VII of the Civil Rights Act of 1964, alleging hostile work environment, "constructive discharge," and Equal Pay Act violations against Plaintiff's former employer, Defendant EG&G Technical Services, Inc. Plaintiff's claims are based on alleged discrimination due to his race. Defendant has moved for summary judgment (ECF No. 13), and Plaintiff has responded (ECF No. 16). Defendant replied (ECF No. 15). The Court issued an Order on July 18, 2011 (ECF No. 18) signaling its intention to grant the Defendant's Motion for Summary Judgment. This Opinion and Final Order follow.

                                    **I.     UNDISPUTED FACTS**[1]

1. On or about October 12, 2006, Plaintiff submitted an application of employment for a Graphics/Illustrator 3 position with Defendant to work on a project under the management of the Navy/Marine Corps Intelligence Training Center.

2. During 2006, Paul Bryant was employed as a Supervisor of the Instructional Systems

---

[1] The facts contained herein are gathered from Defendant's brief (ECF No. 14), and Plaintiff's Proposed Findings of Fact (ECF No. 19).

Design, Training Technologies Team of EG&G, the team on which Plaintiff was hired to work.

3. Bryant reported to Dave Bowles, the Manager of the Training Technologies Team in Norfolk. Bowles, in turn, reported to Dan Reis, Vice President of EG&G.

4. On October 12, 2006, Bowles and Bryant interviewed Plaintiff for hire into the Graphics/Illustrator 3 position. It was apparent to both men in the interview that Plaintiff was African American.

5. Plaintiff received an "outstanding" rating in the categories outlined in the "interview report" after his interview and was hired for the position on October 23, 2006.

6. Plaintiff's employment began on November 6, 2006.

7. On October 26, 2007, Plaintiff received a verbal warning by Bryant for not generating products in a timely and efficient manner. This warning was in accordance with the outlined disciplinary process of EG&G.

8. On October 26, 2007, Plaintiff contacted Theodore H. Bonner in EG&G's Human Resource Department and raised two concerns; a potential copyright issue and a concern that Bryant's management style included raising his voice, and sometimes, or at least once, he kicked a door in his office.

9. Bonner investigated Plaintiff's claims regarding Bryant, but no one reported similar behavior by Bryant.

10. On October 26, 2007, Plaintiff received a performance appraisal by Bryant and Bowles. The appraisal reflected that Plaintiff needed improvement in several areas. He received a 3% wage increase.

11. Bowles and Bryant met with Plaintiff on October 26, 2007 to provide him with his year-

end performance review. The evaluation reflected that Plaintiff needed improvement in job knowledge, attendance and punctuality, setting priorities and acting promptly with minimal supervision and innovation.

12. During Plaintiff's employment, Bryant held weekly or bi-weekly staff meetings. Plaintiff attended these meetings when he was present in the office.

13. On January 11, 2008, Bowles issued Plaintiff a verbal warning in relation to an earlier project that was untimely and unsatisfactorily delivered by Plaintiff.

14. Plaintiff resigned by written letter dated January 22, 2008.

## II. PROCEDURAL HISTORY

Plaintiff filed his Complaint in this Court on September 8, 2010, alleging violations under Title VII of the Civil Rights Act of 1964, and an Equal Pay Act Claim. ECF No. 1. In his Complaint, Plaintiff outlines the major events during the course of his employment with EG&G, including the verbal reprimands received. Plaintiff claims he was never on notice that his work was substandard, until he received a verbal reprimand by Bryant and Bowles on October 24, 2007. Compl. at 2. Plaintiff claims that his poor evaluation was not in accord with other positive feedback that he had received from other project managers. Id. Plaintiff claims the poor evaluation by Bryant and Bowles was part of a pattern of "discriminating, harassing and retaliating acts" against him. Id. Plaintiff claims that Bryant had "anger issues," which were directed at Plaintiff, and these issues were known to higher-level supervisors, but never corrected. Id. at 3. Finally, Plaintiff states that he was the "only minority in [the] group of Graphic Artist" and the only employee not to receive a "proper" promotion. Plaintiff seeks relief under theories of hostile work environment, racial discrimination, constructive discharge, and violations of the Equal Pay Act. Plaintiff also seeks relief for emotional trauma, and unspecified

lost wages as a result of the illegal actions by his employer. Id.

Defendant filed for Summary Judgment on June 21, 2011 (ECF No. 13), after consenting to proceed before the undersigned on January 25, 2011 (ECF No. 12). Defendant replied on July 13, 2011. ECF No. 15. Under Local Rule 7(K)(1), Plaintiff, as a pro se litigant is given twenty-one days to respond to a dispositive motion. Plaintiff properly filed his response to Defendant's summary judgment motion on July 15, 2011. ECF No. 16. After review of the material, the undersigned signaled its intention to grant Defendant's Motion for Summary Judgment on July 18, 2011, entered an Order stating such, and canceled the bench trial in the matter. ECF No. 18. This Opinion and Final Order follow.

Plaintiff filed a Notice to the Court on July 22, 2011 requesting the undersigned consider his Rule 26(a)(3) disclosures for rebuttal and impeachment purposes when drafting this Opinion. ECF No. 20. To the extent that Plaintiff wished this document to act as a motion asking the Court to consider his additional material, this Court GRANTS Plaintiff's request, and will consider Plaintiff's disclosures in this Opinion.

### III. STANDARD OF REVIEW

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law" Fed. R. Civ. P. 56(c). For the evidence to present a "genuine" issue of material fact, it must be "such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party "seeking summary judgment always bears the initial responsibility of informing the [court] of the basis for its motion." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In

deciding a motion for summary judgment, the Court must view the facts, and inferences to be drawn from the facts, in the light most favorable to the non-moving party. Id. at 255. Finally, either party may submit as evidence "pleadings, depositions, answers to interrogatories, and admissions on file, together with . . . affidavits" to support or rebut a summary judgment motion. Fed. R. Civ. P. 56(c). The nonmoving party may rebut the motion for summary judgment "by any of the kinds of evidentiary materials listed in Rule 56(c)." Celotex, 477 U.S. at 324. The non-moving party "may not rest upon mere belief or conjecture," and must "set forth specific facts" to show that there is a genuine issue of material fact. Doyle v. Sentry Ins., 877 F. Supp. 1002, 1005 (E.D. Va. 1995). Summary judgment is "properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" Id. at 327 (quoting Fed. R. Civ. P. 1).

## IV. DISCUSSION

After considering the pleadings and other materials presented to the Court by each party in this action, the Court concluded that there is no genuine issue of material fact, and the Defendant is entitled to judgment as a matter of law on Plaintiff's allegations that EG&G committed violations of Title VII of the Civil Rights Act, and the Equal Pay Act, as well as his miscellaneous claims for emotional damages and lost wages.

Plaintiff's Complaint outlines two instances where he was issued verbal reprimands by Bryant, his supervisor at EG&G. Plaintiff alleges that that these reprimands were part of a pattern of harassing, and discriminatory behavior, which included angry outbursts, by Bryant, calculated to force Plaintiff's resignation from EG&G. Plaintiff finally claims that EG&G knew of Bryant's discrimination and bad behavior, and did nothing to correct the problem. Plaintiff,

5

however, has failed to allege material facts in dispute that create a jury question, and because Plaintiff does not allege facts which entitle him to relief, Defendant is entitled to judgment as a matter of law.

Defendant does not dispute the events outlined in Plaintiff's complaint. Notably, Defendant admits that on October 26, 2007 and on January 11, 2008, Plaintiff was issued verbal reprimands by Bryant and Bowles. As a result of the reprimands, which were related to Plaintiff's substandard work evaluation, Plaintiff received only a 3% wage increase, which was below average for the comparable employee raises in his department. Def.'s Mem. in Supp. of Mot. for Summ. J. at 3, 6, 7, ECF No. 14. Further, Defendant admits that Plaintiff sought out a human resources manager to discuss Bryant's management style, which sometimes included raising his voice in the office. Plaintiff did not mention harassment or discrimination. Id. at 4-5. Defendant asserts that human resources conducted an investigation of Plaintiff's claims, and found no reason to be alarmed by Bryant's behavior. Id. at 5. Plaintiff does not dispute any of these events as outlined by Defendant.

Plaintiff has asserted no facts which dispute or are contrary to any of Defendant's factual contentions. Plaintiff asserts that Bryant and Bowles' actions were directly connected to their discriminatory feelings against him, and repeated that their actions resulted in his forced resignation. But Plaintiff asserts no evidence of any discriminatory intent, or discriminatory feelings. The record contains no comments or conduct that suggests that either Bryant or Bowles harbored discriminatory or derogatory thoughts based on Plaintiff's African American race. Additionally, Plaintiff reiterated that he has stated a claim under the Equal Pay Act, with no supporting facts, or law to demonstrate how he suffered unequal pay in violation of the Act, other than the conclusion that he is entitled to relief under the EPA. Plaintiff added information

6

in his Response related to opposing counsel's conduct during the litigation that has no relevancy when considering a motion for summary judgment. Overall, Plaintiff has failed to allege any facts which demonstrate a cause of action under either Title VII or the Equal Pay Act.

Title VII of the Civil Rights Act of 1964 bars an employer's actions which "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1) (2006). Discrimination could include creating a "hostile work environment" whereby the employer requires people to work in a "discriminatorily hostile or abusive environment." Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57, 64 (1986). Plaintiff has alleged a hostile work environment cause of action. To prove that he has suffered discrimination in violation of Title VII, an employee may provide either direct evidence of discrimination, or may use the burden shifting approach first outlined in McDonnell Douglas. See McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). In this action, Plaintiff has not produced any direct evidence of discrimination.

To demonstrate a hostile work environment, Plaintiff must provide evidence that speech or conduct in the work place by an agent of the employer was (1) severe or pervasive; (2) that the conduct or speech created a hostile or abusive work environment; (3) and this speech or conduct was based on race, religion, sex, national origin, age, or other protected status; (4) and the hostile environment was in fact created for both the plaintiff-employee and a reasonable person. See Harris v. Forklift Sys., 510 U.S. 17, 21-22 (1993). Plaintiff alleges two instances where Bryant was involved in the decision to give Plaintiff a verbal reprimand, and general instances where Bryant had slammed the office door, threw a trashcan, and threatened to fire the Plaintiff.

To demonstrate that these actions constitute "severe or pervasive" conduct, the Plaintiff

must show both that he subjectively felt that the conduct was pervasive, and that, objectively, a reasonable person would find the conduct pervasive. See EEOC v. Sunbelt Rentals, Inc., 521 F.3d 306, 315 (4th Cir. 2008). Plaintiff asserts that he did feel that the conduct was pervasive, and so pervasive that he was constructively discharged as a result. Plaintiff, however, must demonstrate that, objectively, a reasonable person would find Bryant's "angry" conduct pervasive. He has failed to do so. In looking at "all the circumstances including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating . . .; and whether it unreasonably interferes with an employee's work performance," a reasonable jury could not conclude objectively that the conduct was severe. Id. Plaintiff does not allege facts that any of the comments or conduct by Bryant were discriminatory, which will be discussed further below, but the conduct that he does allege, does not rise to the "high bar" necessary to be actionable. See Sunbelt, 521 F.3d at 315-16 (stating that Title VII does not act as a code of civility for the workplace, and incidents that give rise to bruised or wounded feelings without more will not satisfy the severity requirement); Baqir v. Principi, 434 F.3d 733, 747 (4th Cir. 2006) (stating that merely rude treatment is not actionable); Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (finding "callous behavior" by supervisors was not actionable). Plaintiff's allegations, viewed in the light most favorable to him, state that Bryant was guilty of, at most, rude, or inappropriate workplace behavior, but nothing more. No reasonable jury could conclude that Plaintiff objectively suffered a hostile work environment as a matter of law.

Furthermore, even if Bryant's behavior could be seen as creating a hostile work environment under Title VII, Plaintiff fails to allege facts which demonstrate that any actions taken against him while in the employ of the Defendant were as a result of his race. Plaintiff

must demonstrate that the comments, or conduct encountered at work were based on his status as an African American. To survive a motion for summary judgment, a plaintiff must "produce evidence that clearly indicates a discriminatory attitude at the workplace and must illustrate a nexus between that negative attitude and the employment action." Brinkley v. Harbour Rec. Club., 180 F.3d 598, 608 (4th Cir. 1999). Plaintiff has failed to allege any statements or conduct on the part of his employer or his supervisors which evince a discriminatory attitude based on Plaintiff's race. Courts have found that even where there have been isolated statements indicating discriminatory attitudes, this is insufficient to survive summary judgment where plaintiff is unable to connect these attitudes with negative employment decisions. See, e.g., id. Here, Plaintiff has not alleged any instances or comments which demonstrate a discriminatory attitude, must less presented facts which create a connection between any such attitude and his verbal reprimands. Plaintiff's mere belief that Bryant may hold discriminatory feelings toward Plaintiff is insufficient to create an issue of genuine material fact, and cannot create a jury question. See Doyle, 877 F. Supp. at 1005.

The second avenue by which a plaintiff may demonstrate discrimination is by establishing a prima facie case of discrimination by preponderance of the evidence, and shift the burden to the defendant who must then put forth evidence that each adverse hiring decision was for a legitimate non-discriminatory reason. See McDonnell Douglas, 411 U.S. at 802; see also Texas Dep't of Comm. Affairs v. Burdine, 450 U.S. 248, 254 (1981). Even if Plaintiff's allegations rise to the level of a prima facie case of employment discrimination, which they do not,[2] Defendant has rebutted Plaintiff's claims by providing ample evidence that any negative

---

[2] To demonstrate a prima facie case of discrimination under Title VII, the Plaintiff must show (1) that he is a member of a protected class; (2) that he suffered an adverse employment action; (3) that at the time of the adverse employment action, he was performing at a level that met her employer's legitimate job expectations; (4) and that the position was filled by similarly qualified applicants outside the protected class. St. Mary's Honor Ctr. v. Hicks,

actions taken by Defendant against Plaintiff were legitimate employment decisions. Plaintiff was not terminated. He received only two verbal reprimands, the first step in Defendant's disciplinary process. Plaintiff received each evaluation, which is marked with the areas in which he needed improvement, and these areas are specific in nature and relate to some performance misstep by the Plaintiff. The assessment states that Plaintiff needed improvement with knowledge, attendance and punctuality, as well as being self-motivated. Plaintiff also received a 3% wage increase that, although below average, was congruent with employees who had similar job related deficiencies. Defendant has met its burden to demonstrate that it had legitimate non-discriminatory reasons for employment decisions, and the burden shifted back to the Plaintiff to demonstrate that the reasons offered were "mere pretext," or the decisions were racially motivated. See Dowtin v. City of Norfolk, 2011 U.S. Dist. LEXIS 82733, at *9 (E.D. Va. July 28, 2011); Hawkins v. PepsiCo, Inc., 203 F.3d 274, 278 (4th Cir. 2000) (citing St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507-08 (1993)). Plaintiff has provided no facts which can rebut the Defendant's proffer of legitimate employment decisions for Plaintiff's substandard reviews. He has provided emails from co-workers thanking him for his help on various projects, and telling him that they enjoyed working with him. None of these emails, however, is a formal evaluation, and none of them appear to be from a supervisor, or project manager. It appears that Plaintiff was well liked by many people at EG&G, however, that has little bearing on the evaluations by Bryant and Bowles which indicate that Plaintiff's substandard work areas included punctuality, timeliness, job knowledge, and the ability to be a self-starter. Plaintiff received good ratings in "Teamwork," in accord with the emails he provided to the Court.

Furthermore, Plaintiff has provided no facts on which to base a violation of the Equal Pay

---

509 U.S. 502, 506-07 (1993). Plaintiff has presented no facts demonstrating the fourth part of a prima facie case, and does not dispute the employer's contentions that he needed improvement and turned in at least one late deliverable.

Act. Mere conclusory assertions that there has been a violation of the Equal Pay Act, is insufficient to establish a triable fact. Fed. R. Civ. P. 56(e).

## V. FINAL ORDER

Plaintiff has failed to establish that there is any genuine issue of material fact in dispute, and has failed to present a prima facie case of racial discrimination, or to rebut Defendant's proffer of legitimate reasons for their employment decisions. Further, Plaintiff has provided no facts on which to base his Equal Pay Act Claim. Accordingly, this Court GRANTS Defendant's Motion for Summary Judgment (ECF No. 13).

The Clerk is DIRECTED to mail a copy of this order to Plaintiff, Christopher Reid, and counsel of record for Defendant, and DIRECTED to enter judgment in favor of the Defendant.

Plaintiff is ADVISED that he may appeal from this Final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. The written notice of appeal must be received by the Clerk within thirty (30) days from the date of this Order.

____/s/____
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
August 5, 2011