UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division


CHRISTOPHER Q. REID,

        Plaintiff,

v.                                                                  ACTION NO. 2:10cv448

EG&G TECHNICAL SERVICES INC.,

        Defendant.


**OPINION AND FINAL ORDER**

This matter is before the Court on Plaintiff's ("Mr. Reid" or the "Plaintiff") motion for new trial, entitled "New Trial Motion." ECF No. 24. For the reasons stated herein, the motion is DENIED.

**I.    FACTS & PROCEDURAL HISTORY**[1]

On September 8, 2010, Mr. Reid filed with the Court a Title VII discrimination action against his former employer, EG&G Technical Services, Inc. ("EG&G" or the "Defendant"). ECF No. 1. Mr. Reid is an African-American male who had been employed as a Graphics Illustrator for EG&G since November 2006, but resigned by written letter in January 2008. Mr. Reid alleged that EG&G violated Title VII of the Civil Rights Act and the Equal Pay Act, and, accordingly, filed claims for emotional damages and lost wages. Mr. Reid sought relief under theories of hostile work environment, racial discrimination, and constructive discharge.

---

[1] The facts contained herein are gathered from Defendant's Memorandum in Support of Summary Judgment (ECF No. 14), Plaintiff's Proposed Findings of Fact (ECF No. 19), and Defendant's Memorandum in Opposition to Plaintiff's New Trial Motion (ECF No. 29).

On June 21, 2011, EG&G filed a Motion for Summary Judgment (ECF No. 13), which the Court granted on July 18, 2011 (ECF No. 18).  The Court reasoned that Mr. Reid: (1) failed to establish that there was any genuine issue of material fact in dispute, (2) failed to present a prima facie case of racial discrimination and failed to rebut Defendant's proffer of legitimate reasons for their employment decisions, and (3) failed to provide facts on which to base his Equal Pay Act Claim.  ECF No. 22.

On September 2, 2011, within thirty days of the Court's final order entered on August 5, 2011, Mr. Reid filed both a notice of appeal and a motion for new trial.  ECF Nos. 24 & 25.  This matter is now before the Court on Mr. Reid's motion for new trial ("Motion").[2]

## II.     STANDARD OF REVIEW

Under Rule 59(a) of the Federal Rules of Civil Procedure, a court should grant a new trial motion if "'(1) the verdict is against the clear weight of the evidence, or (2) is based upon evidence which is false, or (3) will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict.'" Watkins v. Casiano, 413 Fed. Appx. 568, 568 (2011) (quoting Knussman v. Maryland, 272 F.3d 625, 639 (4th Cir. 2001)).  Rule 59 also allows for a new trial in the event of unfair surprise, "but surprise warrants a new trial only if 'it deprives the party of a fair hearing.'"  Id. (quoting Twigg v. Norton Co., 894 F.2d 672, 675 (4th Cir. 1990)).

Under Rule 59(e) of the Federal Rules of Civil Procedure, a court may grant a motion to alter or amend a judgment to: "(1) accommodate an intervening change in controlling law; (2)

---

[2]  Federal Rule of Appellate Procedure 4(a)(4)(B)(i) allows the Court to decide Mr. Reid's new trial motion while his appeal is pending.  FED. R. APP. P. 4(a)(4)(B)(i) (setting forth the procedures for the effect of a motion on a notice of appeal); see also Wheeler v. Accrediting Council for Continuing Educ. & Training, 70 F.3d 114, 114 (4th Cir. 1995) (holding that the pro se plaintiff's notice of appeal, regarding his equal pay and Title VII race-based discrimination

account for new evidence not available at trial; or (3) correct a clear error of law or prevent manifest injustice." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998).

Under Rule 60 of the Federal Rules of Civil Procedure, granting relief from a final judgment is proper: (a) if the court finds that one of five enumerated reasons has been satisfied, or (b) if extraordinary circumstances exist, wherein "the reason for relief from judgment does not fall within the list of enumerated reasons given in Rule 60(b)(1-5)." Aikens v. Ingram, No. 08-2278, 2011 U.S. App. LEXIS 14298, at *8-9, 14 (4th Cir. July 13, 2011) (expounding that "a Rule 60(b) motion is not designed to serve as an alternative for an appeal").

Abuse of discretion is the standard of review for each of the above motions. Wheeler v. Accrediting Council for Continuing Educ. & Training, 70 F.3d 114, 114 (4th Cir. 1995) (Rule 59 new trial motions); Pac. Ins. Co., 148 F.3d at 402 (Rule 59 motions to alter or amend judgment); Aikens v. Ingram, 2011 U.S. App. LEXIS 14298, at *11-12 (Rule 60 motions for relief from a judgment or order). Additionally, "[a] document filed *pro se* is 'to be liberally construed.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (emphasis in original) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

### III. DISCUSSION

The Court denies Mr. Reid's motion for new trial because Mr. Reid has not shown that relief from this Court's grant of summary judgment is warranted under either Rule 59 or Rule 60(b). Mr. Reid makes two arguments in support of his motion. First, he argues that the Court granted summary judgment in favor of the Defendant based on "disputed facts previously objected [to] by the Plaintiff." Pl.'s New Trial Mot. 1. To support this contention, however, Mr. Reid provides no examples of the disputed facts to which he refers. Instead, he repeats his

---

claims, was not effective until the motion for new trial was resolved).

objection previously considered and rejected by the Court that EG&G's exhibits were not properly marked with numerical or alphabetical identifiers and thus could be easily "exchanged and presented at [t]rial." Pl.'s Mot. 1. It is not clear what Mr. Reid is attempting to argue by contending that unlabeled exhibits amount to disputed facts. Furthermore, Mr. Reid admits in his Motion that the Court "acknowledged Plaintiff's concerns and informed Defendant to correct the issues with Defendant's Exhibits." Pl.'s Mot. 1. This statement would render the Plaintiff's argument moot because the Court has already addressed this hardly relevant issue of unlabeled exhibits before granting summary judgment in favor of the Defendant.

The bulk of Mr. Reid's second argument is that "new trial proceedings will allow the Plaintiff to verify the Defendant's disclosures provided to the court which may lead to further discovery since the Court relies on Defendant's disclosures in granting Defendant's Motion for Summary Judgment . . . ." Pl.'s Mot. 1. Plaintiff unfortunately does not understand that by granting summary judgment, this Court decided that further discovery was unnecessary, as no genuine issue of material fact existed. Regardless of the verifiability of Defendant's disclosures, the Court found summary judgment appropriate based on Plaintiff's failure to present a prima facie case of Title VII discrimination and equal pay violations. Order for Summ. J., ECF No. 22.

Mr. Reid cites no legal authority pursuant to which he moves this Court to reverse its grant of summary judgment and order a new trial. However, the most reasonable inference is that Mr. Reid brings his motion for new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure. Rule 59(a) allows the Court to grant a party's motion for a new trial, while Rule 59(e) sets forth the procedures for filing a motion to alter or amend a judgment. FED. R. CIV. P. 59 & 60. Under 59(a), Mr. Reid's Motion may be denied outright because no trial was held in this case. The Court's grant of summary judgment necessarily precluded the trial of Plaintiff's

equal pay and Title VII discrimination claims. Thus, under Rule 59(a), Plaintiff's motion for new trial is moot.

Nonetheless, the Court may still decide Mr. Reid's Motion according to Rule 59(e), which allows a party to file a motion to alter or amend a judgment. Interpreting Mr. Reid's Motion as one that seeks to alter or amend a judgment, however, would also require the Court to deny Mr. Reid's request. Under Rule 59(e), a court may alter or amend a judgment to: (1) accommodate an intervening change in controlling law; (2) account for new evidence not available at trial; or (3) correct a clear error of law or prevent manifest injustice. E.g. Pac. Ins. Co., 148 F.3d at 403. The law is clear that a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Id. (quoting 11 Wright et al., Federal Practice and Procedure § 2810.1, at 127-28 (2d ed. 1995)). In essence, a Rule 59(e) motion is not "'a vehicle for obtaining post judgment reargument' on issues already decided" and is not authorized 'to enable a party to complete presenting his case after the court has ruled against him.'" Id. at 403 (quoting In re: Reese, 91 F.3d 37, 39 (7th Cir. 1996)); Thomas v. H&R Block Mortgage Corp., No. 3:06cv672, 2007 U.S. Dist. LEXIS 96639, at *7 (E.D.Va. July 5, 2007).

In this case, Mr. Reid is not asking the Court to alter or amend its judgment. Instead, Mr. Reid asks the Court to entirely *reverse* its grant of summary judgment and allow his claims to proceed to trial. He requests exactly what Rule 59 prohibits by asking the Court to essentially re-hear this case through trial rather than summary judgment. Additionally, Mr. Reid does not specify upon which grounds he is relying in support of his motion. Moreover, none of his arguments demonstrate that any of the required three grounds have been satisfied, as there has been no intervening change in controlling law, no new evidence not available at the time

5

summary judgment was granted, and no clear error of law or manifest injustice. Thus, Mr. Reid's motion must be denied pursuant to Rule 59(e).

Given the leniency principles that govern *pro se* filings, the Court may, however, look beyond Rule 59 and construe Mr. Reid's Motion as one that seeks relief from a judgment or order under Federal Rule of Civil Procedure 60(b). See United States v. Saquella, No. 11-6238, 2011 U.S. App. LEXIS 16922, at *1 (4th Cir. Aug. 15, 2011) (quoting Castro v. United States, 540 U.S. 375, 381 (2003)) ("Federal courts may, but are not required to, 'ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category.'"). Rule 60(b) allows the Court to relieve a party from a final judgment for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). Traditionally, such a motion is considered a request for "an extraordinary remedy reserved only for extraordinary circumstances." Lansing v. McHugh, 1:10cv1305(JCC/IDD), 2011 U.S. Dist. LEXIS 46025, at *3 (E.D.Va. Apr. 27, 2011) (internal quotations omitted); see also Aikens, 2011 U.S. App. LEXIS 14298, at *8-9 (noting that the catchall enumerated in Rule 60(b)(6) must be strictly interpreted if the finality of judgments is to be preserved).

Given this standard and the fact that Mr. Reid presents no arguments or support to show that any of the enumerated reasons under Rules 59 and 60 have been satisfied, granting his

motion would be inappropriate. See, e.g., Aikens, at 11 (denying a Rule 60(b)(6) motion as an inappropriate substitute for an appeal). Mr. Reid has failed to establish the extraordinary circumstances necessary for granting relief from the Court's July 18, 2011 grant of summary judgment in favor of EG&G. Instead, he simply restates some of the same insubstantial arguments that the Court previously rejected. Such arguments do not provide a proper basis for Rule 59 or Rule 60 relief. Mr. Reid simply disagrees with this Court's judgment, and accordingly, the proper avenue for contesting it is to appeal to the United States Court of Appeals for the Fourth Circuit. Lansing, 2011 U.S. Dist. LEXIS 46025, at *4. Because Mr. Reid has already filed a notice of appeal, his appeal will become effective with this Court's denial of his new trial motion. See Wheeler, 70 F.3d at 114 ("Because Wheeler filed a motion for a new trial . . . the appeal period was tolled until the court ruled on the Rule 59 motion.").

      After considering Mr. Reid's Motion and EG&G's opposition brief, the Court concludes that a new trial of this case is not supported by law. Mr. Reid's request is therefore denied. The Court also uses this opportunity to address two other related matters. First, the Court denies EG&G's request, stated in its motion in opposition, for a reimbursement of fees and costs incurred in responding to Mr. Reid's Motion. Alternatively, EG&G may file a separate motion for sanctions or attorney's fees. Second, the Court acknowledges receipt of Mr. Reid's September 16, 2011 motion asking that the Court consider his attached proof of service. The Court notes that such a motion was unnecessary. The Court understands that Mr. Reid filed the motion in response to the Fourth Circuit Court of Appeals' letter dated September 6, 2011, which cited to Rule 4(a)(4) or 5. However, Mr. Reid misinterpreted Rule 4 as being cited from the Federal Rules of Civil Procedure (governing summonses and service) rather than from the Federal Rules of Appellate Procedure (governing the effect of a motion on a notice of appeal).

Mr. Reid should note that the Court of Appeals' letter only served to notify him that his appeal is suspended until this Court decides his motion for new trial. He need not have filed any motion with the Court concerning proof of service. Regardless, no further action is required on Mr. Reid's part and the Court disposes of the motion as moot.

## IV. FINAL ORDER

Mr. Reid has failed to establish under Federal Rules of Civil Procedure 59 and 60(b) that he is entitled to a new trial or other relief from the Court's grant of summary judgment in favor of EG&G. Accordingly, this Court DENIES Mr. Reid's New Trial Motion. ECF No. 24.

The Clerk is DIRECTED to mail a copy of this order to Plaintiff, Christopher Reid, and counsel of record for Defendant, EG&G Technical Services, Inc.

It is so ORDERED.

/s/
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
October 12, 2011

8